IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Lane, | C/A No. 0:11-2829-RBH-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Robert Ward, *Active Director*; Dennis Patterson, *Division Director of Op.*; Wayne McCabe, *Warden*; James Blackwell, *DHO*; Thierry Nettles, *Major*; and Leslie Davis, *Leutenant*; Fred Thompson, *Ass. Warden*; Timothy Clarke, *SMU Captain*; Anne Shephard, *Shift Captain*, | |
| Defendants. | |

Plaintiff Christopher Lane ("Lane"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 59.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Lane of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 61.) Lane filed a response in opposition. (ECF No. 78.) Also pending before the court is Lane's motion for a preliminary injunction (ECF No. 60), to which the defendants responded in opposition (ECF No. 64) and Lane replied (ECF No. 67). Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted and Lane's motion should be denied.

# BACKGROUND

Lane's Second Amended Complaint alleges that his right to due process was violated during disciplinary proceedings for charges of escape and possession of a cell phone or communication device. Lane appears to (1) challenge the sufficiency of the charging document, (2) argue that the policy defining the charge of escape is vague, and (3) allege that Defendant Thompson presented fraudulent information. As a result of Lane's disciplinary conviction, he was placed in the Special Management Unit ("SMU"). As a result of this placement, Lane alleges that the defendants denied him access to the courts by denying him access to his legal materials. Lane asserts that when he was given access to his legal materials, items concerning his criminal conviction, two legal books, and several personal items were missing. Lane alleges that without these materials, he submitted "a couple of fast put together briefs in hopes of retaining and gaining relief" in his PCR appeal, but relief was denied. (ECF No. 42-7 at 4.) Lane asserts that with his missing legal property, he would have prevailed on his appeal.

Lane requests a declaration that his rights were violated, and an order that the defendants be required to provide a more specific definition of "escape" and expunge his disciplinary record; that the defendants to be required to replace his two legal books, his Rule 5 motion, and two transcripts; monetary damages; and costs.

# DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish

the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.  Exhaustion of Administrative Remedies**

The defendants argue that summary judgment should be granted in their favor due to Lane's failure to exhaust his administrative remedies with regard to his claims. A prisoner must exhaust

*PJG*

his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. See Booth v. Churner, 532 U.S. 731, 740-41 (2001). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See generally id. Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

      Pursuant to South Carolina Department of Corrections policy, an inmate seeking to complain of prison conditions must first attempt to informally resolve his complaint. Next, an inmate may file a "Step 1 Grievance" with designated prison staff. If the Step 1 Grievance is denied, the inmate may appeal to the warden of his facility via a "Step 2 Grievance."

The defendants do not dispute that Lane availed himself of the prison's Step 1 and Step 2 Grievance procedure with regard to his challenges to his disciplinary proceedings and denial of access to his property. They contend, however, that he failed to properly seek review from the South Carolina Administrative Law Court. For the reasons discussed below, this argument is valid with respect to only one of Lane's claims.

Review from the South Carolina Administrative Law Court is generally part of the available administrative remedies an inmate must exhaust. In Furtick v. South Carolina Department of Corrections, 649 S.E.2d 35 (S.C. 2007), the South Carolina Supreme Court reaffirmed that "the ALC has jurisdiction over **all** inmate grievance appeals that have been properly filed." Id. at 38 (emphasis in original) (citing Slezak v. S.C. Dep't of Corr., 605 S.E.2d 506 (2004)). However, subsequent statutory amendments and case law have established certain exceptions to this general rule.

For example, in Howard v. S.C. Dep't of Corr., __ S.E.2d __, 2012 WL 4014195, at *5-6 (S.C. Sept. 12, 2012), the South Carolina Supreme Court, interpreting a post-Furtick statutory amendment to S.C. Code Ann. § 1-23-600(D), held that the Administrative Law Court lacked jurisdiction over an inmate's appeal involving the loss of the opportunity to earn sentence-related credits and no state-created property or liberty interest. Here, with regard to Lane's challenges to his disciplinary convictions, the record reveals that Lane did not lose any good time credits as a result of these convictions, nor did his challenges implicate any other state-created liberty or property interest. Accordingly, the Administrative Law Court lacked jurisdiction over Lane's challenges to these convictions. Therefore, Lane exhausted all of his *available* administrative remedies with regard to this claim.

Similarly, to the extent that Lane is challenging the constitutionality of the prison policy defining "escape," South Carolina appellate courts have held that the Administrative Law Court

lacks jurisdiction over facial constitutional challenges to prison policies. Cf. Travelscape, LLC v. S.C. Dep't of Rev., 705 S.E.2d 28, 38-39 & n.10 (S.C. 2011) (stating that the Administrative Law Court is without jurisdiction to hear *facial* challenges to the constitutionality of a regulation or statute but may rule on as-applied challenges); Howard, 2012 WL 4014195, at *6 (applying the holding in Travelscape, LLC to challenges to prison policies).

Contrarily, it appears that review by the Administrative Law Court of Lane's claim that he was denied access to the courts under the First Amendment was available to Lane, as this claim is not covered by any specific exception. Notably, the United States Supreme Court has observed in discussing the exhaustion requirement of § 1997e that "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise. Here, we hold only that Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth, 532 U.S. at 741 n.6. Therefore, because appeal to the Administrative Law Court was an available administrative remedy with regard to Lane's claim that the defendants violated his First Amendment rights by denying him his legal materials, Lane was required to appeal his claim to the Administrative Law Court regardless of the relief he sought. To the extent that Lane argues that he attempted to appeal the denial of his Step 2 grievances to the state circuit court, the court finds this argument unavailing. First, the circuit court, as part of the judiciary, is not part of the administrative process. Cf. S.C. Code Ann. § 1-23-500 ("There is created the South Carolina Administrative Law Court, which is an agency and court of record within the *executive branch* of the government of this State.") (emphasis added). Second, South Carolina law no longer provides for review of agency decisions by the circuit court. S.C. Code Ann. § 1-23-610(A)(1) (providing for *judicial review* of a final decision of the Administrative Law Court by the South Carolina Court of Appeals). Accordingly, the defendants are entitled to

*PJG*

summary judgment on this claim based on Lane's failure to exhaust properly his available administrative remedies. Moreover, even if the court were to determine that Lane had properly exhausted this claim, the defendants would nonetheless be entitled to summary judgment for the reasons discussed below.

**C.     Disciplinary Convictions**

The leading case regarding the process due in prison disciplinary proceedings is <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974). As an initial matter, the court observes that the unrefuted evidence shows that Lane did not lose any earned good-time credits as part of his disciplinary convictions; rather, he was placed in disciplinary detention and lost his privileges for 360 days. (<u>See</u> Blackwell Aff. ¶ 17, ECF No. 59-3 at 3; Step 2 Grievance, ECF No. 42-14 at 1; Disciplinary Report and Hearing Record, ECF No. 42-16 at 1.) Therefore, Lane was not deprived of a life, liberty, or property interest, which would trigger the due process procedures required by <u>Wolff</u>.[1] <u>Sandin v. Conner</u>, 515 U.S. 472, 483 (1995) (stating that due process is required when the challenged discipline "imposes atypical and significant hardship on the inmate in relation to the ordinary

---

[1] Under <u>Wolff</u>, the inmate is entitled to the following: (1) written notice of the charges at least twenty-four hours in advance of the hearing; (2) written findings as to the evidence relied upon and reasons for the disciplinary action; and (3) the right to call witnesses and present evidence in his defense, provided there is no undue hazard to institutional safety or correctional goals. <u>Wolff</u>, 418 U.S. at 563-67. Additionally, an inmate should be permitted to seek counsel substitute (a fellow inmate or a prison employee) if he is illiterate or in complex cases that he cannot handle alone, and he is entitled to have the charges adjudicated by a fair and impartial tribunal. <u>Id.</u> at 569-71. Further, the United States Supreme Court has held within the context of prison disciplinary proceedings that due process is satisfied as long as there is "some evidence" supporting the Disciplinary Hearing Officer's findings. <u>Superintendent, Mass. Corr. Inst., Walpole v. Hill</u>, 472 U.S. 445 (1985). "Ascertaining whether this [due process] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Id.</u> at 455-56.

incidents of prison life" and rejecting inmate's claim that either the Constitution or Hawaii statutes required due process for placement in disciplinary segregation).

Moreover, even if Lane were entitled to the due process procedures explained in Wolff, upon review of the entire record in this matter, the court concludes that Lane has failed to demonstrate that the defendants violated his due process rights. Lane argues that the charging document was vague and only indicates that he was found outside of his living area, not that he was seen escaping or attempting to escape. In support of this argument, Lane relies on out-of-circuit case law indicating that "[t]he effect of the notice should be to compel the charging officer to be [sufficiently] specific as to the misconduct with which the inmate is charged to inform the inmate of what he is accused of doing so that he can prepare a defense to those charges and not be made to explain away vague charges set out in a misbehavior report." Taylor v. Rodriguez, 238 F.3d 188 (2d Cir. 2001) (alteration in original) (internal quotation marks and citation omitted). Even assuming this standard is applicable in this circuit, the court finds that, unlike Taylor, the charging document in this case was sufficiently specific to comply with due process. It specifically informed Lane that he was charged with 901 (Escape) and 898 (Possession of Any Cell Phone or Other Type of Communication Device) as well as the bases for the charges. (ECF No. 42-12 at 1.) Lane's argument essentially appears to be that the basis for the charge—that he was outside of his living area—was insufficient to support a charge of escape. To the extent that Lane argues that the hearing officer reached the wrong decision regarding his guilt of the disciplinary charges, the court is not permitted to substitute its judgment for the hearing officer's in the "highly charged atmosphere" of a prison. See Hill, 472 U.S. at 456. The evidence presented at Lane's disciplinary hearing and in support of the hearing officer's decision is sufficient to comply with Hill's due process requirement. Finally, Lane appears to argue that Defendant Thompson provided fraudulent information concerning the proper accusing

officer. Even assuming that Defendant Thompson incorrectly stated that Defendant Davis was the appropriate accuser because she was the individual who "*had actual hands*" on Lane, this alleged error does not demonstrate that Lane's due process rights were violated, especially considering that Lane actually challenged this information at the hearing.

Related to his disciplinary conviction, Lane also appears to raise a facial challenge to the constitutionality of the definition of escape by arguing that the policy defining the charge of escape is vague. In Turner v. Safley, 482 U.S. 78, 89 (1987), the United States Supreme Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." To meet this standard, the Turner Court identified four factors to consider: (1) whether the regulation is rationally related to a legitimate and neutral governmental objective; (2) whether there are alternative avenues that remain open to the inmates to exercise the right; (3) the impact that accommodating the asserted right will have on other guards and prisoners and on the allocation of prison resources; and (4) whether the existence of easy and obvious alternatives indicates that the regulation is an exaggerated response by prison officials. Id. at 89-90. The Court also recognized that deference should be given to the decisions of prison administrators, especially when those decisions deal with issues of prison safety and security. Id. at 89; see also In re Long Term Admin. Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 469 (4th Cir. 1999) ("Prison officials should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security ."). In this case, Lane has failed to demonstrate that the provision defining escape infringed on a particular constitutional right. Accordingly, the defendants are entitled to summary judgment on these claims.

**D.     Access to the Courts**

It is well established that prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). In Bounds, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. To state a cognizable claim for denial of meaningful access to the courts a prisoner must allege a specific, actual injury resulting from the alleged denial. Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996). The Lewis Court further explained that

> the injury requirement is not satisfied by just any type of frustrated legal claim. Nearly all of the access-to-courts cases in the Bounds line involved attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated, or habeas petitions. In Wolff v. McDonnell, 418 U.S. 539 (1974), we extended this universe of relevant claims only slightly, to "civil rights actions"—*i.e.*, actions under 42 U.S.C. § 1983 to vindicate "basic constitutional rights."

Lewis, 518 U.S. at 354 (internal citations omitted); see also Christopher v. Harbury, 536 U.S. 403, 414-15 (2002) (stating that "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong").

Specificity is required in pleading a denial of access to the courts claim. Cochran, 73 F.3d at 1317. Moreover,

> the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation. It follows, too, that when the access claim (like this one) looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought. There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.

Christopher, 536 U.S. at 415.

As stated above, Lane alleges that he was denied access to the courts and alleges that if he had had access to his legal boxes and books, he would have prevailed on his PCR appeal.[2] Lane's speculation or unsupported assertion that he would have prevailed on his PCR appeal is insufficient to demonstrate that he suffered an actual injury from any alleged denial of access to the courts. See Strickler v. Waters, 989 F.2d 1375, 1384 (4th Cir. 1993) (observing that a prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access"); see also Lewis, 518 U.S. at 353 & n.3 (stating the inmate must demonstrate that the claim impeded or frustrated by the allegedly inadequate law library or legal assistance program was nonfrivolous). Moreover, as argued by the defendants, the record reflects that the South Carolina Supreme Court reviewed Lane's PCR appeal in accordance with Johnson v. State, 364 S.E.2d 201 (1988),[3] in addition to reviewing Lane's *pro se* petitions. (ECF No. 59-5.) Accordingly, based on the record before the court Lane has failed to established any actual injury, or the frustration or impediment of

---

[2] In Lane's response in opposition to summary judgment, he appears to also argue for the first time that based on the defendants actions with regard to his legal boxes and books, his federal habeas corpus, which is currently pending, see C/A No. 0:12:912-RBH-PJG, was untimely filed. (ECF No. 78 at 5.) However, this allegation is not properly before the court as it relates to this civil action as it was not included in Lane's Second Amended Complaint and he has not been granted leave to amend his Complaint to raise such a claim.

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1988), applies the factors in Anders v. California, 386 U.S. 738 (1967), to post-conviction appeals. Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

a nonfrivolous claim, resulting from any alleged deprivation of his right to access the courts. Therefore, the defendants are entitled to summary judgment on this claim.[4]

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the defendants' motion for summary judgment (ECF No. 59) be granted. In light of this recommendation, the court further recommends that Lane's motion for a preliminary injunction (ECF No. 60) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 5, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[4] The court notes that Lane's state law claims seeking return of his property are the subject of a separate civil action, C/A No. 0:12-12-2519-RBH-PJG. In that action, Lane seeks return of his legal material as well as numerous personal items. To the extent that Lane seeks return of his legal materials pursuant to 42 U.S.C. § 1983 in this action, as argued by the defendants, these claims cannot be brought under § 1983. The Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. Daniels v. Williams, 474 U.S. 327 (1986); Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995). Moreover, an intentional deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. Hudson v. Palmer, 468 U.S. 517 (1984). In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. See McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir. 1986) (holding that a prisoner could not maintain a § 1983 action for negligent loss of his personal property because the prisoner could file a civil action in state court for the recovery of personal property under S.C. Code Ann. §§ 15-69-10 et seq.). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." Id. (citing Parratt v. Taylor, 451 U.S. 527 (1981)).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).