IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Christopher Lane, ) | Civil Action No.: 0:11-cv-02829-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Robert Ward, *Active Director*; Dennis ) | |
| Patterson, *Division Director of Op.*; Wayne ) | |
| McCabe, *Warden*; James Blackwell, *DHO*; ) | |
| Thierry Nettles, *Major*; and Leslie Davis, ) | |
| *Leutenant*; Fred Thompson, *Ass. Warden*; ) | |
| Timothy Clarke, *SMU Captain*; Anne ) | |
| Shephard, *Shift Captain*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Christopher Lane ("Plaintiff"), a self-represented inmate housed with the South Carolina Department of Corrections ("SCDC"), brings this action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint alleges that his right to due process was violated during disciplinary proceedings for charges of escape and possession of a cell phone or communication device.[1]

This matter is before the Court after the issuance of a Reports and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett[2] [R&R, Docs. # 81.] In the R&R, the magistrate recommends that the Court grant Defendants' Motion for Summary Judgment [Doc. # 59] and deny Plaintiff's Motion for Preliminary Injunction [Doc. # 60. For the reasons discussed herein, the Court adopts the magistrate's R&R.

---

[1] The facts of this case are discussed more thoroughly in the magistrate's Summary Judgment R&R. [*See* R&R, Doc. # 81, at 1–2.]

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C. , this matter was referred to United States Magistrate Judge Gossett for pretrial handling.

## Standard of Review

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins*. Co., 416 F.3d 310 (4th Cir.2005).

## Discussion

Rather than state specific objections to the R&R, Plaintiff appears to rehash his initial arguments before the magistrate *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985); *see also Weber v. Aiken-Partain*, No. 8:11–cv–02423, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012) (noting that objections that merely rehash arguments raised before, and addressed by, the magistrate are insufficient to direct the court to a specific error in the magistrate's proposed findings and recommendations); *Harrison v. Brown*, No. 3:10–cv–2642, 2012 WL 243212, at *1 (D.S.C. Jan. 24,

2

2012) (same); *Malik v. Sligh*, No. 2:11–cv–01064–RBH, 2011 WL 6817750, at *2 (D.S.C. Dec. 28, 2011) (same). To the extent these constitute specific objections the Court has reviewed the R&R *de novo* and agrees with the magistrate's findings. Nonetheless, out of an abundance of caution the Court will briefly address the objections lodged by Plaintiff.

First, Plaintiff argues that the magistrate erred regarding Plaintiff's claim that he was denied access to the courts. The magistrate held that Plaintiff had not properly exhausted his access to courts claim because he failed to appeal his grievance denials to the Administrative Law Court. [*See* Obj., Doc. # 87, at 1.] Plaintiff argues that access to courts is not an issue that may be brought before the Administrative Law Court. [*Id.*] However, as the magistrate explained, in *Furtick v. SCDC*, 374 S.C. 334, 340, 649 S.E.2d 35, 38 (2007), the South Carolina Supreme Court reaffirmed that "the ALC has jurisdiction over **all** inmate grievance appeals that have been properly filed." *Id.* at 38 (emphasis in original). Although subsequent statutory amendments and case law have established certain exceptions to this general rule, Plaintiff's access to court's claim is not covered by any specific exception. *See* S.C. Code Ann. § 1-23-600; *Travelscape, LLC v. S.C. Dep't of Rev.*, 391 S.C. 89, 110, 705 S.E.2d 28, 38–39 & n.10 (2011) (stating that the Administrative Law Court is without jurisdiction to hear *facial* challenges to the constitutionality of a regulation or statute but may rule on as-applied challenges).

Plaintiff also takes issue with the magistrate finding that even if Plaintiff's access to court's claim were not procedurally defaulted, it would be without merit. [*See* Obj. Doc. # 87, at 4–7.] Plaintiff's objection rehashes his argument that if he had access to legal materials, he could have filed a better brief on his PCR appeal. [*Id.*][3] As the magistrate explained, Plaintiff's speculation or

---

[3] To the extent Plaintiff is attempting to argue that he has been denied legal access in the current proceedings, this argument is being raised for the first time and is not properly before the

unsupported assertion that he would have prevailed on his PCR appeal is insufficient to demonstrate that he suffered an actual injury from any alleged denial of access to the courts. *See Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (observing that a prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access"). Additionally, the record reflects that the South Carolina Supreme Court reviewed Plaintiff's PCR appeal in accordance with *Johnson v. State*, 294 S.C. 31, 364 S.E.2d 201 (1988). Plaintiff's objection is overruled.

Second, Plaintiff objects to the magistrate's finding that summary judgment should be granted regarding his claim that his due process rights were violated during his prison disciplinary proceedings. [*See* Obj. Doc. # 87, at 1–4.] However, Plaintiff does not appear to attack the magistrate's holding that "the unrefuted evidence shows that [Plaintiff] did not lose any earned good-time credits as part of his disciplinary convictions; rather, he was placed in disciplinary detention and lost his privileges . . . ." [R&R, Doc. # 81, at 7; *see also* Obj. Doc. # 87, at 3 (discussing disciplinary detention and lost privileges as the consequence of his convictions).] However, these losses do not constitute a deprivation of life, liberty, or property that would trigger due process procedures under the Constitution. *Sandin v. Conner*, 515 U.S. 472, 487 (1995) (rejecting inmate's claim that either the Constitution or Hawaii statutes required due process for placement in disciplinary segregation); *Ham v. Patterson*, 474 Fed. App'x 386, 387 (4th Cir. 2012) (holding that reference to "loss of privileges" does not implicate a liberty interest); *Joyner v. Ozmint*, No. 3:09–cv–2524, 2010 WL 3783167, at *4 (D.S.C. Sept. 22, 2010), aff'd 425 Fed. App'x 223 (4th Cir.2011) (holding that disciplinary conviction failed to implicate due process where plaintiff's discipline included 180 days of disciplinary detention, or segregated confinement, and loss of

---

Court. Additionally, Plaintiff's own filings, replete with thorough discussions of numerous cases, belie his accusations.

canteen, visitation, and phone privileges for one year). Additionally, this Court has conducted a *de novo* review of this portion of the R&R and finds that the magistrate correctly held that even if Plaintiff were entitled to the due process, a review of the entire record in this matter shows that Plaintiff has failed to demonstrate that Defendants violated his due process rights. [*See* R&R, Doc. # 81, at 8–9.] Plaintiff's objection is without merit.

Third, Plaintiff claims that his disciplinary conviction subjected him to an equal protection violation because his cell mate was engaging in the same behavior but was not charged. [*See* Obj., Doc. # 87, at 4.] However, as the Court has explained above, the losses complained of do not constitute a deprivation of life, liberty, or property that would trigger Constitutional protection. Moreover, Plaintiff fails to offer anything more than a conclusory statement without evidentiary support. *See Causey v. Balog*, 162 F.3d 795, 802 (4th Cir.1998). The Court overrules Plaintiff's objection.[4]

### **Conclusion**

The Court has thoroughly analyzed the entire record, including the relevant filings, R&R, objections to the R&R, and applicable law. The Court has further conducted the required review of all of Plaintiff's objections[5] and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Plaintiff's objections and adopts the magistrate's

---

[4] Additionally, Plaintiff states that the cell mate was simply out of his room, while Plaintiff was charged with escape and possession of contraband. [*See* R&R, Doc. # 81, at 8.] Thus, by Plaintiff's own version of events he was not similarly situated to his cell mate.

[5] Plaintiff filed a document styled as Amendments to Plaintiff's Objections [Doc. # 88]. However, in this document Plaintiff merely takes issue with discovery in the case and asks for the chance to exhaust administrative remedies. The Court finds no error in the magistrate's handling of discovery and notes that its dismissal is predicated upon exhaustion in only one instance, and in that instance the Court alternatively holds dismissal is appropriate on substantive grounds.

R&R [Doc. # 81].

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 59] is **GRANTED**, and this case is **DISMISSED**, *with prejudice,* in its entirety.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction [Doc. # 60] is **DENIED**.

**IT IS SO ORDERED**.

                                                                          s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 4, 2013